UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BISHOP ISHMAEL SAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-00953 |
| § | |
| JERRY TACHIE-MENSON, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Defendant Jerry Tachie-Menson's Second Amended Motion to Dismiss (the "Motion") (Doc. #18), Plaintiff Bishop Ishmael Sam's Amended Response (Doc. #26), and Defendant's Reply (Doc. #34). Having reviewed the parties' arguments and the applicable legal authority, the Court finds that the Motion should be granted.

Plaintiff is a resident of Ghana and a bishop for Lighthouse Chapel International ("Lighthouse"), a Pentecostal church that was founded in Ghana. Doc. #26 at 1. Defendant is a resident of Texas and a former Lighthouse member and employee. *Id.* Between August 3 and August 5, 2021, Defendant made several allegedly false and defamatory statements on Facebook about Plaintiff and other leaders of Lighthouse. *Id.* at 1–2. On August 16, 2021, Plaintiff's attorney sent a letter to Defendant demanding that he retract his statements via an apology on Facebook and cease and desist from posting any additional false or defamatory statements. Doc. #26, Ex. 1. Defendant did not retract his statements. Plaintiff's counsel sent another demand letter in September 2021 (Doc. #18, Ex. 6), but Defendant did not oblige.

In October 2021, Plaintiff sued Defendant for defamation, seeking damages and injunctive

relief. *Sam v. Tachie-Menson*, No. 4:21-cv-3334, Doc. #1. The Honorable George C. Hanks, Jr. presided over the case and granted Defendant's Motion to Dismiss for lack of subject matter jurisdiction. *Id.*, Doc. #24. Adopting the Memorandum and Recommendation of Magistrate Judge Andrew Edison, Judge Hanks found that Plaintiff failed to satisfy the $75,000 amount in controversy required for the Court's diversity jurisdiction. *Id.*, Doc. #23; *see* 28 U.S.C. § 1332(a). Accordingly, on February 23, 2022, Judge Hanks dismissed the case without prejudice. *Id.*, Doc. #29.

On March 24, 2022, Plaintiff re-filed the case currently before the Court, seeking "actual and/or compensatory damages" and injunctive relief for Defendant's allegedly defamatory per se statements. Doc. #1; Doc. #26 at 8. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant moves to dismiss the case based on a lack of subject matter jurisdiction. Doc. #18; *see* FED. R. CIV. P. 12(b)(1). Like in the case before Judge Hanks, Defendant argues that Plaintiff cannot satisfy the amount in controversy required for this Court's diversity jurisdiction. Doc. #18 at 17.

Rule 12(b)(1) governs challenges to a district court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000." Generally, the plaintiff's good faith assertion that the allegations in his or her complaint meet the requisite amount is sufficient to invoke the court's jurisdiction. *Lister v. Comm'rs Ct., Navarro Cnty.*, 566 F.2d 490, 492 (5th Cir. 1978). "However, if the plaintiff's allegation of jurisdictional amount is challenged in an appropriate manner by the defendant, the plaintiff must support the allegation by competent proof." *Id.* The plaintiff must show by a preponderance of the evidence "that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount." *Bloom v.*

2

*Depository Trust Co.*, No. 97-20630, 1998 WL 44542, at *1 (5th Cir. Jan. 26, 1998) (per curiam).

In his Complaint, Plaintiff claims that Defendant's defamatory statements have caused "significant reputational damage, economic harm, mental anguish, substantial disruption of his daily routine, loss of consortium, and loss of goodwill in the community." Doc. #1 ¶ 31. Thus, Plaintiff asserts, "As a direct result of Defendant's conduct, and based upon the various types and extent of damages above, [Plaintiff] has suffered in excess of $75,000 and in a specific amount to be proven at trial." *Id.* ¶ 32. As relief, Plaintiff seeks, among other things, "[a]ctual and/or compensatory damages in an amount to be proven at trial." *Id.* at 5. Because Defendant raised an appropriate challenge to Plaintiff's allegations of the jurisdictional amount, Plaintiff now bears the burden to present competent evidence to support his allegations. *Lister*, 566 F.2d at 492.

To meet his burden, Plaintiff first argues that because Defendant's statements were defamatory per se, he is entitled to a presumption of general damages. Doc. #26 at 8–9. In Texas, statements that are defamatory per se "are so obviously harmful that general damages may be presumed." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). However, "even though Texas law presumes general damages when the defamation is per se, it does not 'presume any particular amount of damages beyond nominal damages.'" *Id.* (quoting *Salinas v. Salinas*, 365 S.W.3d 318, 320 (Tex. 2012)). Thus, even with a presumption of general damages, Plaintiff still bears the burden to present evidence that he is entitled to more than a nominal amount. *Id.* To that end, Plaintiff submits three declarations: (1) his own; (2) Jerry Gad Yeboh-Abban's, a minister and administrator at Lighthouse in Ghana; and (3) Alex Kofi-Opata's, a pastor at Lighthouse in Nigeria. Doc. #26, Ex. 2–4. Each of the declarations speak to the impact Defendant's statements had on Plaintiff's reputation in the Lighthouse community, some of the speaking engagements and pastoral opportunities that Plaintiff lost as a result, and how Plaintiff's personality changed because

3

of the statements. *See id.* However, none of the declarations, or any other evidence before the Court, speak to the monetary value of Plaintiff's alleged injuries. And Plaintiff's Complaint fails to allege any facts from which the Court can infer a connection between his alleged injuries and a dollar amount. Accordingly, Plaintiff has failed to establish that his case satisfies the jurisdictional amount for diversity jurisdiction.

For these reasons, the Court GRANTS Defendant's Motion to Dismiss (Doc. #18). Pursuant to the Fifth Circuit's holding in *Mitchell v. Bailey*, this case is hereby DISMISSED WITHOUT PREJUDICE. 982 F.3d 937, 944 (5th Cir. 2020).

It is so ORDERED.

__MAR 2 3 2023__
Date

_____
The Honorable Alfred H. Bennett
United States District Judge